# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VINZELLA TRIMUEL**, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No. 22 CV 03422 |
| **CHICAGO HOUSING AUTHORITY**, | ) Honorable John Robert Blakey |
| Defendant. | ) ) ) |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
## PLAINTIFF'S FOURTH AMENDED COMPLAINT

DEFENDANT, Chicago Housing Authority, ("CHA"), through counsel, as its Rule 12(b)(6) Motion to Dismiss Plaintiff's Fourth Amended Complaint, states as follows:

1. Plaintiff Vinzella Trimuel ("Plaintiff") was an applicant to CHA's housing choice voucher ("HCV") program, also known as Section 8 housing assistance provided under the U.S. Housing Act of 1937, 42 U.S.C. §1437f. Doc. #13, ¶15. Plaintiff's name was on a 2008 HCV wait list and CHA removed Plaintiff's name from the wait list in 2013 after she failed to complete the required HCV Wait List Update Survey. Doc. #13, ¶33.

2. In 2019, Plaintiff filed a petition for writ of certiorari in state court seeking review of her 2013 removal from the 2008 wait list. Doc. #13, ¶45. Only after CHA moved to dismiss the writ as time-barred under Illinois law in March 2020 did Plaintiff request to be placed back onto the 2008 voucher wait list from which she was removed. Doc. #13, ¶47. CHA could not place Plaintiff on the current wait list as a "reasonable accommodation." Doc. #13, ¶51. CHA could not place Plaintiff on the terminated 2008 wait list or on the current closed wait list because Plaintiff had not applied to be on it, and doing so would violate federal regulations promulgated by the United States Department of Housing and Urban Development ("HUD") and CHA policy. Doc. #13, ¶¶51, 53.

3. Plaintiff then filed a first amended complaint in the state court seeking review of CHA's denial of the requested accommodation, which CHA also moved to dismiss as time-barred. Doc. #1, ¶¶2, 3. Rather than briefing the dismissal motion, after 15 months, Plaintiff eventually filed her Second Amended Complaint ("SAC") on June 1, 2022, alleging two new federal claims based upon CHA's inability to place her on the wait list and to grant her a voucher. Doc. #1, ¶3.

4. CHA removed the SAC to this court and moved to dismiss on July 14, 2022. Doc. #10.

5. Plaintiff filed a Third Amended Complaint ("TAC") on August 4, 2022, which CHA also moved to dismiss. Doc. ##13, 23-24. Finally, Plaintiff filed the Fourth Amended Complaint ("FAC") on September 20, 2022. Doc. #27.

6. Count I of the FAC alleges disability discrimination under the Fair Housing Act and Count II alleges sex discrimination under the Fair Housing Act, 42 U.S.C. §3601, *et. seq.* ("FHA). Count I alleges discrimination based on CHA's purported failure to accommodate Plaintiff's disability while Count II more broadly alleges that CHA waitlist policy impacts women generally on the basis of sex.

7. Count III alleges a violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq*. (the "ADA"). Count IV alleges a violation of the Rehabilitation Act, 29 U.S.C. §794(a), *et. seq*. ("Rehab Act). Counts V and VI are pendent state claims alleging a violation of the Illinois Human Rights Act, 775 ILCS 5 *et. seq.* ("IHRA"), for promissory estoppel, respectively.

8. Because Plaintiff was an applicant who had no property right to a place on the HCV wait list let alone a property right to a voucher and housing assistance, Plaintiff again fails to plead facts sufficient to state a plausible claim to relief requiring dismissal of the FAC.

9. Moreover, Plaintiff's attempts to challenge her 2013 removal from the HCV wait list are time-barred, and her untimely 2020 request for a "reasonable accommodation" to be restored to

the 2008 wait list (or put on the current wait list to which she did not apply) and be awarded a voucher is a misguided attempt to obtain rights that Plaintiff-applicant did not enjoy in the first place.

11. Any reasonable accommodation available to Plaintiff related to CHA's removal of her name from the 2008 HCV wait list arose two years after she knew or should have known that she had been removed from the wait list; that is, two years from her 2013 removal or, at best, two years from 2017 when she claims she first learned of her removal from the 2008 wait list. Her delay in seeking an accommodation until 2020 renders her request unreasonable, and, in any event, time-barred by two-year limitations periods.

12. Plaintiff fails to adequately plead violations of the FHA, ADA, or Rehabilitation Act requiring dismissal of Counts I-IV. As such, the Court need not exercise supplemental jurisdiction over the state law claim for violation of the Illinois Human Rights Act in Count V or the promissory estoppel claim in Count VI. Even if it were to retain supplemental jurisdiction, however, Counts V and VI fail to state a discrimination claim under the Illinois Human Rights Act and promissory estoppel, respectively.

13. Contemporaneously with this motion, CHA has filed a memorandum of law in support, which CHA incorporates by reference.

WHEREFORE Defendant CHICAGO HOUSING AUTHORITY respectfully requests the Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and to grant such other relief as the Court deems appropriate.

Respectfully submitted,

CHICAGO HOUSING AUTHORITY

By: __/s Ryan E. Smith____

Sunil Kumar, Deputy General Counsel
Cynthia B. Harris, Supervising Senior Assistant General Counsel
Ryan E. Smith, Assistant General Counsel
Chicago Housing Authority
Office of the General Counsel
60 E. Van Buren, 12th Floor
Chicago, Illinois 60605
(312) 786-6962
cyharris@thecha.org
(312) 913-7777
skumar@thecha.org
(312) 786-3652
rysmith@thecha.org
*Attorneys for Defendant Chicago Housing Authority*